ZIRINSKY et al. v. ZLOTNICK.

(Supreme Court, Appellate Term, First Department. April 6, 1916.)

COURTS ⬦190(6)—MUNICIPAL COURT—APPEALS.
     Under Municipal Court rule 4, providing that on appeal, where a case is prepared to be submitted for settlement by the trial justice, there must be a certificate of the clerk, but, if the parties or their attorneys stipulate the case contains all the evidence, the clerk may certify the correctness of the case without a comparison, the clerk of the Municipal Court cannot refuse to certify the case because the parties do not so stipulate, but is bound upon their failure to compare the entries and certify the papers.
     [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬦190(6).]

Action by Samuel Zirinsky and another against Harry Zlotnick. From an order of the Municipal Court, defendant appeals. On motion to dismiss appeal. Motion denied.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Samuel Dickstein, of New York City, for appellant.
Levi, Gutman & Sterns, of New York City, for respondents.

PER CURIAM. This is a motion to dismiss an appeal from an order of the Municipal Court for alleged failure to cause the return to be filed. One of the reasons stated for the delay is that the clerk of the Municipal Court "informed deponent's clerk that before he will accept the papers on appeal prepared by this office deponent would have to procure a stipulation from the other side stipulating to the correctness of the record."

If true, this action by the clerk evidently arises from a misconstruction of rule 4 of the rules of this court regarding the making up of returns from the Municipal Court. That rule, properly construed, means that upon appeals from judgments, where a case is prepared to be submitted for settlement to the trial justice, there must be a certificate of the clerk; but if the parties or their attorneys stipulate that the case contains all the evidence, etc., the clerk may

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

certify the correctness of the case upon such stipulation, thus saving the work of comparing the proposed return with the papers on file in his office. The same method applies to appeals from orders which require no case to be made for settlement, but are heard upon the papers used on the hearing of the motion. The clerk must compare the papers offered for certification with those on file in his office and certify as to their correctness, unless the parties or their attorneys stipulate that the papers composing the proposed return are correct copies of those on file and used upon the hearing of the motion, in which event the clerk may certify to their correctness without making a comparison.

If, however, on either an appeal from a judgment or order, no stipulation is made, the clerk must then compare and certify the papers. He can in no event refuse their proper certification, upon which this court must alone depend for the correctness of the record.

Motion to dismiss appeal denied.